2

United States District Court
Southern District of Texas
FILED

JUL 3 0 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
BROWNSVILLE DIVISION

| | |
|---|---|
| LIFECARE HOSPITAL OF SOUTH TEXAS )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SUBURBAN TEAMSTERS OF NORTHERN )<br>ILLINOIS WELFARE FUND, )<br>)<br>Defendant. ) | CIVIL ACTION NO. B-01-130 |

## ANSWER

Defendant Suburban Teamsters of Northern Illinois Welfare Fund, by its attorneys, for its Answer to Plaintiff's Original Petition, states as follows:

I.

Plaintiff plans to proceed under discovery Level II.

**ANSWER:** Defendant has no knowledge regarding Plaintiff's plans and therefore neither admits nor denies the allegations of Paragraph I.

II.

Plaintiff Lifecare Hospital of South Texas is located in Edinburg, Texas. Lifecare is in the business of providing medical services to patients in the South Texas Area. Defendant, Suburban Teamsters of Northern Illinois Welfare Fund is an insurance company providing insurance benefits and services to its union members and their families. Defendant may be served with citation by certified mail return receipt requested to:

>Chuck Jedlinle [sic]
>Suburban Teamsters of
>Northern Illinois Welfare Fund
>1275 West Roosevelt Road
>Unit 120
>West Chicago, Illinois 60185

The events in question all occurred in Edinburg, Texas and therefore venue is proper in Hidalgo, County, Texas.

**ANSWER**: Defendant admits that its Board of Trustees may be served at the address stated, but denies that Chuck Jedlink (not "Jedlinle") is a proper agent for the service of process. Defendant specifically denies that it is an insurance company. Further answering, Defendant states that it is a multi-employer "employee welfare benefit plan" within the meaning of 29 U.S.C. §§ 186(c)(5), 1002(1) and 1002(37)(A) and provides certain benefits to its participants and their beneficiaries in accordance with the Fund's Plan of Benefits. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph II.

III.

A. This case revolves around a patient, Maria L. Puente, who was cared for and treated at the Lifecare Hospital of South Texas beginning January 16, 1999 for fourteen days.

**ANSWER**: Defendant admits this case involves Maria L. Puente. Except as expressly admitted, Defendant is without knowledge as to the truth of the remaining allegations of Paragraph III A and demands strict proof thereof.

B. Prior to admission, Lifecare representatives in Edinburg, Texas verified with Defendant's agents, employees or representatives that insurance coverage was

available for Lifecare's care and treatment of Ms. Puente. After verifying coverage, Lifecare accepted Ms. Puente for care and treatment.

**ANSWER:**   Defendant denies the allegations of Paragraph III B.

   C.   Pursuant to and relying on the insurance coverage confirmation, Lifecare admitted Ms. Puentes [sic] and she began receiving needed care and treatment.

**ANSWER:**   Defendant denies the allegations of Paragraph III C.

   D.   Long after confirming coverage, Defendant denied there was insurance coverage for the care and treatment received by Ms. Puente at Lifecare. Defendant now denies coverage based upon its patiently [sic] unsupportable position that Ms. Puente suffered from a pre-existing condition which was excluded from coverage.

**ANSWER:**   Further answering, Defendant admits that it denied in part a claim for benefits on Ms. Puente's behalf because Ms. Puente's hospitalization and medical costs were subject to a pre-existing condition limitation contained in the Fund's Plan of Benefits. Except as specifically admitted, Defendant denies the allegations of Paragraph III D.

   E.   Notice of the claim for payment has been given to Defendant repeatedly. Defendant refuses to pay benefits.

**ANSWER:**   Defendant admits that it has declined to pay further benefits, as requested by Plaintiff. Except as specifically admitted, Defendant denies the remaining allegations of Paragraph III E.

IV.

A.   Defendant's actions as set forth above in paragraph III constitute misrepresentation, fraud and deceptive trade practices.  Plaintiff sues Defendant for misrepresentation, fraud and deceptive trade practices under article 21.21 of the Texas Insurance Code.  Article 21.21, sec. 16(a) further provides a cause of action to persons injured by the misrepresentation and deceptive trade practices in the insurance business.  Plaintiff further sues Defendant for violation of the Texas Deceptive Trade Practices Act (Tex. Bus. & Com. Code).

**ANSWER**:   Defendant admits that Plaintiff has sued Defendant under various theories.  Except as expressly admitted, Defendant denies the allegations of Paragraph IV A.

V.

Plaintiff sues Defendant for negligent misrepresentation.  It is the current business practice in the health industry for providers of medical care to verify insurance coverage before accepting patients for treatment.  Defendant was aware or should have known that Plaintiff would rely on its representation of coverage in deciding whether to accept Ms. Puente for treatment.  Defendant owed a duty to Plaintiff to verify coverage properly and with due care.  Defendant negligently misrepresented coverage.  Plaintiff relied on Defendant's representations and Plaintiff's damages were foreseeable.

**ANSWER**:   Defendant admits that Plaintiff has sued Defendant under various theories.  Except as expressly admitted, Defendant denies the allegations of Paragraph V.

- 4 -

- 5 -

VI.

Plaintiff further sues Defendant for common law fraud and misrepresentation. Defendant's actions as set forth in paragraph III constitute misrepresentation and fraud. Plaintiff further sues Defendant for common law breach of contract. Defendant entered into a contract with Plaintiff to cover Ms. Puente's care and treatment. Defendant breached this contract resulting in damages to Plaintiff.

**ANSWER:** Defendant admits that Plaintiff has sued Defendant under various theories. Except as expressly admitted, Defendant denies the allegations of Paragraph VI.

VII.

Plaintiff has incurred damages as a result of relying on the representations of coverage made by Defendant. Plaintiff sues Defendant for actual damages, court costs and reasonable and necessary attorney's fees under the common law, the Insurance Code and the Deceptive Trade Practices Act.

**ANSWER:** Defendant admits that Plaintiff has sued Defendant under various theories. Except as expressly admitted, Defendant denies the allegations of Paragraph VII.

VIII.

Limitations should be extended for a period of 180 days on the ground that Defendant engaged in conduct solely calculated to induce Plaintiff to refrain from or postpone the commencement of this action.

**ANSWER:** To the extent that Paragraph VIII requires an answer, Defendant denies

the allegations of Paragraph VIII.

IX.

Plaintiff further sues for punitive damages. Defendant acted with malice and fraud in misrepresenting the policy to Plaintiff and then refusing to pay under various pretextual excuses for not doing so.

**ANSWER**: Defendant admits that Plaintiff has sued Defendant under various theories. Except as expressly admitted, Defendant denies the allegations of Paragraph IX.

## AFFIRMATIVE DEFENSES

1. The Petition is preempted by the Employee Retirement Income Security Act, 29 U.S.C. § 1144, and therefore fails to state a cause of action upon which relief can be granted. Specifically, the Texas Insurance Code and the Texas Deceptive Trade Practices Act are preempted by Federal law, as are the common-law actions for negligent misrepresentation, misrepresentation, fraud and extra-contractual (i.e., punitive) damages.

2. Plaintiff is not a participant in the Defendant's Plan of Benefits and lacks standing to sue Defendant.

WHEREFORE, PREMISES CONSIDERED, Petitioner prays that this Court render a take-nothing judgment against the plaintiff and award defendant all relief to which it is entitled.

Respectfully submitted,

**ASHER, GITTLER, GREENFIELD & D'ALBA**

By: *Barry Collins w/ permssn BM*
Barry G. Collins
Illinois State Bar No. 3126979
Northern District of Illinois Federal
Admissions No. 03126979
Attorney In Charge
Robert S. Greenfield
Illinois State Bar No. 6243023
Northern District of Illinois Federal
Admissions No. 06243023
125 South Wacker Drive, Suite 1100
Chicago, Illinois 60606
Ph. (312) 263-1500
Fax (312) 263-1520

**MARTINEZ & BARRERA, L.L.P.**
Benigno (Trey) Martinez
State Bar No. 00797011
Federal Admissions No. 23945
1201 E. Van Buren
Brownsville, Texas 78520
Ph. (956) 546-7159
Fax (956) 544-0602

ATTORNEYS FOF DEFENDANT,
**SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE FUND**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant's Answer was served upon all counsel of record, to wit:

Bruce W. Hodge
Hodge, James & Hernandez, L.L.P.
134 E. Van Buren
Suite 310
Harlingen, TX 78550

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 30th day of July, 2001.

_____
Barry G. Collins

ClibPDF - www.fastio.com

```
                                                United States District Court
                                                Southern District of Texas
                                                        FILED
    IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF TEXAS,          JUL 3 0 2001
             BROWNSVILLE DIVISION
                                                  Michael N. Milby
                                                   Clerk of Court
```

LIFECARE HOSPITAL OF SOUTH TEXAS )
)
      Plaintiff, )
)     **B-01-130**
vs. ) CIVIL ACTION NO._____
)
SUBURBAN TEAMSTERS OF NORTHERN )
ILLINOIS WELFARE FUND, )
)
      Defendant. )

## NOTICE OF FILING ANSWER

TO:    Bruce W. Hodge
          Hodge, James & Hernandez, L.L.P.
          134 E. Van Buren, Suite 310
          Harlingen, TX 78550

Please take notice that on July 30, 2001, Defendant Suburban Teamsters of Northern Illinois Health and Welfare Fund filed with the Clerk of the Court the attached Answer to Petition.

                                            Respectfully Submitted,

                                            ASHER, GITTLER, GREENFIELD & D'ALBA

                                            By: _Barry Collins w/ permission BWH_
                                                   Barry G. Collins
                                                   Illinois State Bar No. 3126979
                                                   Northern District of Illinois Federal
                                                   Admissions No. 03126979
                                                   Attorney In Charge
                                                   Robert S. Greenfield
                                                   Illinois State Bar No. 6243023
                                                   Northern District of Illinois Federal
                                                   Admissions No. 06243023
                                                   125 South Wacker Drive, Suite 1100
                                                   Chicago, Illinois 60606
                                                   Ph. (312) 263-1500
                                                   Fax (312) 263-1520

**MARTINEZ & BARRERA, L.L.P.**
Benigno (Trey) Martinez
State Bar No. 00797011
Federal Admissions No. 23945
1201 E. Van Buren
Brownsville, Texas 78520
Ph. (956) 546-7159
Fax (956) 544-0602

ATTORNEYS FOF DEFENDANT,
**SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE FUND**

ClibPDF - www.fastio.com