1 1

United States District Court
Southern District of Texas
FILED

DEC 2 6 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| LIFECARE HOSPITAL OF SOUTH TEXAS § § § | |
| VS.   § | CIVIL ACTION B-01-130 |
| § § § | |
| SURBURBAN TEAMSTERS OF § NORTHERN ILLINOIS WELFARE FUND § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(F)
## FEDERAL RULES OF CIVIL PROCEDURE

PLEASE RESTATE THE INSTRUCTION BEFORE FURNISHING THE INFORMATION.

1. STATE WHERE AND WHEN THE MEETING OF THE PARTIES REQUIRED BY RULE 26(F) WAS HELD AND IDENTIFY THE COUNSEL WHO ATTENDED FOR EACH PARTY.

   The meeting required by Rule26(f) was held telephonically in two separate sessions, beginning on August 24, 2001, and concluding on December 21, 2001. In both conferences, Plaintiff Lifecare Hospital was represented by Attorney Bruce Hodge and Defendant Suburban Teamsters of Northern Illinois Welfare Fund ("Welfare Fund") was represented by Barry G. Collins.

2. LIST THE CASES RELATED TO THIS ONE THAT ARE PENDING IN ANY STATE OR FEDERAL COURT WITH THE CASE NUMBER AND COURT.

   None.

3. SPECIFY THE ALLEGATION OF FEDERAL JURISDICTION.

   Defendant asserts that Federal jurisdiction is established under 29 U.S.C. § 1132(f) because this is a civil action brought by an alleged assignee of a welfare fund participant to recover an amount equal to benefits claimed by a participant under the terms of the Welfare Fund's Plan of Benefits.

4. NAME THE PARTIES WHO DISAGREE AND THE REASONS.

   There is no disagreement that jurisdiction is proper before this Honorable Court in so far as

some ERISA issues are concerned (litigation of Plaintiff's rights as assignee under the health care plan). However, there is a general disagreement with the Defendant's notion that all of Plaintiff's state law claims are preempted. Plaintiff and Defendant disagree on the effect of Fifth Circuit law precedent on this issue.

5. LIST ANTICIPATED ADDITIONAL PARTIES THAT SHOULD BE INCLUDED, WHEN THEY CAN BE ADDED, AND BY WHOM THEY ARE WANTED.

   None known.

6. LIST ANTICIPATED INTERVENTIONS.

   None anticipated.

7. DESCRIBE CLASS-ACTION ISSUES.

   None known.

8. STATE WHETHER EACH PARTY REPRESENTS THAT IT HAS MADE THE INITIAL DISCLOSURES REQUIRED BY RULE 26(A). IF NOT, DESCRIBE THE ARRANGEMENTS THAT HAVE BEEN MADE TO COMPLETE THE DISCLOSURES.

   Defendant and Plaintiff have agreed to provide their respective Rule 26(a) disclosures in writing no later than January 20, 2002.

9. DESCRIBE THE PROPOSED AGREED DISCOVERY PLAN, INCLUDING:

   A. RESPONSES TO ALL THE MATTERS RAISED IN RULE 26(F)

      Does no apply.

   B. WHEN AND TO WHOM THE PLAINTIFF ANTICIPATES IT MAY SEND INTERROGATORIES.

      The Plaintiff expects to send written interrogatories or other written discovery to the Defendant by January 20, 2002.

   C. WHEN AND TO WHOM THE DEFENDANT ANTICIPATES IT MAY SEND INTERROGATORIES.

      Defendant anticipates that it may require interrogatories or other written discovery from the following: (1) Lifecare Hospital, regarding the medical records of Maria Puente and the records regarding Lifecare's alleged verification of the health plan coverage of Maria Puente; (2) Edingburg Hospital, regarding the medical records of Maria Puente and the records regarding Edingburg's verification of the health plan

coverage of Maria Puente; (3) Texas Oncology, regarding the medical records of Maria Puente; (4) other physician(s) who treated Maria Puente. Defendant expects to complete written discovery by March 29, 2002.

D.     OF WHOM AND BY WHEN THE PLAINTIFF ANTICIPATES TAKING ORAL DEPOSITIONS.

The Plaintiff expects to take the oral depositions of a Defendant Fund representative to learn the details of any excuse for refusing to pay Plaintiff's claim, to learn who was responsible for the decision to refuse the claim and the process by which the claim was decided to be denied. Plaintiff also will investigate punitive damages issues with said representative including but not limited to net worth and any history of prior deceptive and or misleading occurrences and any policy of the Fund or its management team to defraud others with similar claims and under similar circumstances. Plaintiff expects to take the oral deposition of the person who talked with the Plaintiff's representative that day when coverage was verified. Though both parties have agreed to work towards stipulating to as many of the facts of the case as is possible, Plaintiff would anticipate that both parties may well required expert testimony on several medical issues and Plaintiff would expect to take the oral deposition of any defense expert on medical issues and Maria Puentes' health care providers. Plaintiff expects to have finished taking depositions by April 20, 2002.

E.     OF WHOM AND BY WHEN THE DEFENDANT ANTICIPATES TAKING ORAL DEPOSITIONS.

Defendant anticipates that it may take oral depositions as follows: (1) the representative of Lifecare Hospital who claims to have received from Welfare Fund a verification of the benefit coverage of Maria Puente; (2) an employee of Lifecare Hospital who can testify to the keeping of records regarding verifications of the health plan coverage of patients at Lifecare; (3) Miguel Aleman, M.D.; (4) physician(s) at the Texas Oncology who treated Maria Puente; (5) other physician(s) who may have treated Maria Puente. Defendant expects to complete depositions by April 30, 2002.

F.     WHEN THE PLAINTIFF (OR THE PARTY WITH THE BURDEN OF PROOF ON AN ISSUE) WILL BE ABLE TO DESIGNATE EXPERTS AND PROVIDE THE REPORTS REQUIRED BY RULE 26(A)(2)(B) AND WHEN THE OPPOSING PARTY WILL BE ABLE TO DESIGNATE RESPONSIVE EXPERTS AND PROVIDE THEIR REPORTS.

Plaintiff will designate and produce Rule 26 reports by March 1, 2002. Defendant will be able to designate experts and produce reports in accordance with Rule 26 by April 1, 2002.

G.     LIST EXPERTS DEPOSITIONS THE PLAINTIFF (OR THE PARTY WITH THE

        BURDEN OF PROOF ON AN ISSUE) ANTICIPATES TAKING AND THEIR ANTICIPATED COMPLETION DATE. *SEE* RULE 26(A)(2)(B) (EXPERT REPORT).

        All experts by April 30, 2002.

H.    LIST EXPERT DEPOSITIONS THE OPPOSING PARTY ANTICIPATES TAKING AND THEIR ANTICIPATED COMPLETION DATE. *SEE* RULE 26(A)(2)(B) (EXPERT REPORT).

        Defendant may need one or more expert depositions on the medical issues related to whether the condition for which Lifecare Hospital treated Maria Puente was a pre-existing condition. Defendant expects to complete depositions by April 30, 2002.

10.    IF THE PARTIES ARE NOT AGREED ON A PART OF THE DISCOVERY PLAN, DESCRIBE THE SEPARATE VIEWS AND PROPOSALS OF EACH PARTY.

        Does not apply.

11.    SPECIFY THE DISCOVERY BEYOND INITIAL DISCLOSURES THAT HAS BEEN UNDERTAKEN TO DATE.

        None.

        There has been a voluntary and informal exchange of a good deal of records so far by the Plaintiff.

12.    STATE THE DATE THE PLANNED DISCOVERY CAN REASONABLY BE COMPLETED.

        April 30, 2002.

13.    DESCRIBE THE POSSIBILITIES FOR A PROMPT SETTLEMENT OR RESOLUTION OF THE CASE THAT WERE DISCUSSED IN YOUR RULE 26(F) MEETING.

        The possibility of a compromise settlement was raised in the Rule 26(f) conference and the parties are continuing to investigate that possibility. The parties have agreed to state that they are optimistic about the prospects for a settlement.

14.    DESCRIBE WHAT EACH PARTY HAS DONE OR AGREED TO DO TO BRING ABOUT A PROMPT RESOLUTION.

        Both parties have researched the legal issues and have shared their conclusions with the other party.

15. FROM THE ATTORNEYS' DISCUSSION WITH THE CLIENT, STATE THE ALTERNATIVE DISPUTE RESOLUTION TECHNIQUES THAT ARE REASONABLY SUITABLE AND STATE WHEN SUCH A TECHNIQUE MAY BE EFFECTIVELY USED IN THIS CASE.

    None known.

16. MAGISTRATE JUDGES MAY NOW HEAR JURY AND NON-JURY TRIALS. INDICATE THE PARTIES' JOINT POSITION ON A TRIAL BEFORE A MAGISTRATE JUDGE.

    The parties agree to proceed before a magistrate judge.

17. STATE WHETHER A JURY DEMAND HAS BEEN MADE AND IF IT WAS MADE ON TIME.

    A jury demand has been made contemporaneously with the filing of this Joint Case Management Plan and is timely since it precedes the filing of Defendant's answer. Based on the nature of the claim, Defendant does not concede that a jury trial is permissible. This issue remains unresolved. Defendant does not waive any further objections that may be made to the demand.

18. SPECIFY THE NUMBER OF HOURS IT WILL TAKE TO PRESENT THE EVIDENCE IN THIS CASE.

    No more than twenty hours of on record time.

19. LIST PENDING MOTIONS THAT COULD BE RULED ON AT THE INITIAL PRETRIAL AND SCHEDULING CONFERENCE.

    None.

20. LIST OTHER MOTIONS PENDING.

    None.

21. INDICATE OTHER MATTERS PECULIAR TO THIS CASE, INCLUDING DISCOVERY, THAT DESERVE THE SPECIAL ATTENTION OF THE COURT AT THE CONFERENCE.

    None known.

22. LIST THE NAMES, BAR NUMBERS, ADDRESSES AND TELEPHONE NUMBERS OF ALL COUNSEL.

**HODGE, JAMES & HERNANDEZ, L.L.P.**
BRUCE W. HODGE
FEDERAL I.D. NO. 4003
STATE BAR NO. 09751700

LISA MOUNT
FEDERAL I.D. NO. 015307
STATE BAR NO. 06571040
134 E. VAN BUREN, SUITE 310
HARLINGEN, TEXAS 78550
PH. (956) 425-7400
FAX (956) 425-7707

ATTORNEYS FOR PLAINTIFF,
**LIFECARE HOSPITAL OF SOUTH TEXAS**

**ASHER, GITTLER, GREENFIELD & D'ALBA**
BARRY G. COLLINS
ILLINOIS STATE BAR NO. 3126979
NORTHERN DISTRICT OF ILLINOIS FEDERAL
ADMISSIONS NO. 03126979
ATTORNEY IN CHARGE

ROBERT S. GREENFIELD
ILLINOIS STATE BAR NO. 6243023
NORTHERN DISTRICT OF ILLINOIS FEDERAL
ADMISSIONS NO. 06243023
125 SOUTH WACKER DRIVE, SUITE 1100
CHICAGO, ILLINOIS 60606
PH. (312) 263-1500
FAX (312) 263-1520

**MARTINEZ & BARRERA, L.L.P.**
BENIGNO (TREY) MARTINEZ
STATE BAR NO. 00797011
FEDERAL ADMISSIONS NO. 23945
1201 E. VAN BUREN
BROWNSVILLE, TEXAS 78520
PH. (956) 546-7159
FAX (956) 544-0602

ATTORNEYS FOR DEFENDANT,
**SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE FUND**

Respectfully Submitted.

**MARTINEZ & BARRERA, L.L.P.**
1201 E. Van Buren
Brownsville, Texas 78520
Ph. (956) 546-7159
Fax (956) 544-0602

By: _____
Benigno (Trey) Martinez
State Bar No. 00797011
Federal Admissions No. 23945


**ASHER, GITTLER, GREENFIELD & D'ALBA**
125 South Wacker Drive, Suite 1100
Chicago, Illinois 60606
Ph. (312) 263-1500
Fax (312) 263-1520

By: _____
Barry G. Collins
Illinois State Bar No. 3126979
Northern District of Illinois Federal
Admissions No. 03126979
Attorney In Charge

By: _____
Robert S. Greenfield
Illinois State Bar No. 6243023
Northern District of Illinois Federal
Admissions No. 06243023

**HODGE, JAMES & HERNANDEZ, L.L.P.**
134 E. Van Buren, Suite 310
Harlingen, Texas 78550
Ph. (956) 425-7400
Fax (956) 425-7707

By: _____
Bruce W. Hodge
Federal I.D. No. 4003
State Bar No. 09751700

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff's and Defendant's Joint Discovery/Case Management was served upon all counsel of record, to wit:

Bruce W. Hodge
**HODGE, JAMES & HERNANDEZ, L.L.P.**
134 E Van Buren, Suite 310
Harlingen, Texas 78550

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 26th day of December, 2002.

Benigno (Trey) Martinez

## CERTIFICATE OF CONFERENCE

The undersigned counsel has contacted Mr. Bruce W. Hodge, attorney for Plaintiff, and together with Defendant, jointly file the following motion.

Benigno (Trey) Martinez